Garry, J.
The doctrine of assumption of risk provides that a person *1541 who voluntarily participates in recreational or athletic activities is deemed to consent to the “commonly appreciated risk[s]” inherent in that activity (Anand v Kapoor, 15 NY3d 946, 948 [2010]; see Morgan v State of New York, 90 NY2d 471, 484 [1997]). However, a participant does not assume risks resulting from “a dangerous condition over and above the usual dangers inherent in the activity” (Myers v Friends of Shenendehowa Crew, Inc., 31 AD3d 853, 854 [2006] [internal quotation marks and citations omitted]; see Custodi v Town of Amherst, 20 NY3d 83, 87-88 [2012]). As application of the doctrine undermines the principles of comparative causation, it “must be closely circumscribed” and has therefore been limited to apply only “in the context of pursuits both unusually risky and beneficial that the defendant has in some nonculpable way enabled” (Trupia v Lake George Cent. School Dist., 14 NY3d 392, 395, 396 [2010] [emphasis added]; see Shay v Contento, 92 AD3d 994, 995 [2012]).
Initially, noting that assumption of risk has been applied to the use of exercise apparatus, we reject plaintiffs’ contention that the doctrine does not apply to the noncompetitive fitness activity in which plaintiff was engaged (see Marcano v City of New York, 99 NY2d 548, 549 [2002]). Further, plaintiff’s own testimony established that she had previously participated in weight-lifting exercise programs — including a prior program designed by the trainer — and that she knew that back injuries are an inherent risk of such activities. Accordingly, we find that defendants met their initial burden on summary judgment to establish on a prima facie basis that plaintiff knew of the risks, appreciated their nature and voluntarily assumed them (see Morgan v State of New York, 90 NY2d at 484-485; Papa v Russo, 279 AD2d 744, 745 [2001], lv denied 99 NY2d 507 [2003]).
However, noting that “[t]he application of the doctrine of assumption of risk is generally a question of fact to be resolved by a jury” (McGrath v Shenendehowa Cent. School Dist., 76 AD3d 755, 757 [2010]; see Pantalone v Talcott, 52 AD3d 1148, 1149 [2008]), we find triable issues of fact presented as to whether the trainer’s actions “unreasonably heightened the risks to which [plaintiff] was exposed” beyond those usually inherent in weight-lifting (Myers v Friends of Shenendehowa Crew, Inc., 31 AD3d at 856). Plaintiffs presented the affidavits of two personal training experts who opined that the Smith squat, even when properly performed, is contraindicated for a person with a herniated disc as it causes “direct vertical loading of the spinal column” and places “extreme stress” on the lower back, and thus should not have been recommended for plaintiff. The experts *1542 further averred that safe performance of the maneuver requires keeping the back straight, and that the trainer erred in instructing plaintiff to “stick her butt out” during the exercise. The trainer acknowledged that she gave plaintiff this instruction but explained that she meant that plaintiff should move her body backward while keeping her back straight.[1] The trainer further testified that whether the Smith squat is dangerous for a person with a back injury “depends on the form” used by the exerciser and acknowledged that, although she knew plaintiff had a herniated disc, she did not warn plaintiff that the exercise posed any risk to her back. Based on this testimony, plaintiffs raised triable issues of fact as to whether the trainer’s direction to perform the Smith squat, her allegedly improper instructions, or both, served to unreasonably increase the risk to which plaintiff was exposed (see Corica v Rocking Horse Ranch, Inc., 84 AD3d 1566, 1568 [2011]; Myers v Friends of Shenendehowa Crew, Inc., 31 AD3d at 856; Mathis v New York Health Club, 261 AD2d 345, 346 [1999]; compare Lee v Maloney, 270 AD2d 689, 691 [2000]).
As an alternate ground for affirmance, Greenfield contends that there is no evidence that she breached a duty that proximately caused plaintiffs injury (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). Plaintiffs do not assert that plaintiffs injury resulted from faulty equipment or any other property defect at the fitness center, and although one of plaintiffs’ experts described multiple alleged inadequacies in the fitness center’s safety procedures, there was no showing that these caused or contributed to plaintiffs injury. Instead, both experts averred without equivocation that the trainer caused the injury by instructing plaintiff to perform the Smith squat despite her back condition. Thus, no direct negligence was shown, and Greenfield may be held liable only if the trainer’s negligence may be imputed under a theory of respondeat superior. As to this doctrine, Greenfield contends that there is no derivative liability because the trainer was an independent contractor rather than an employee (see Rackowski v Realty USA, 82 AD3d 1475, 1476-1477 [2011]; Birch v McGhee, 79 AD3d 1296, 1297-1298 [2010]). This determination requires analysis of the extent of the fitness center’s power to regulate the manner in which the trainer performed her work, and the parties’ conflicting evidence poses factual questions as to this issue, barring summary determination (see Roberts v El-Hajal, 23 AD3d 733, 733 [2005]; Meyer v Martin, 16 AD3d 632, 633-634 *1543 [2005]; Mason v Spendiff, 238 AD2d 780, 781 [1997]; compare Harjes v Parisio, 1 AD3d 680, 681-682 [2003], lv denied 1 NY3d 508 [2004]).
Finally, we find the release that Greenfield proffers to be unenforceable. An agreement that seeks to release a defendant from the consequences of his or her own negligence must “plainly and precisely” state that it extends this far (Rigney v Ichabod Crane Cent. School Dist., 59 AD3d 842, 843 [2009] [internal quotation marks and citations omitted]; see Lago v Krollage, 78 NY2d 95, 99-100 [1991]; Gross v Sweet, 49 NY2d 102, 110 [1979]). The release at issue here makes no unequivocal reference to any negligence or fault of the fitness center employees or agents, but merely enumerates activities on plaintiff’s part that will not lead to liability, and then provides in general terms that the fitness center is not liable for “any claims, demands, injuries, damages or actions” resulting from use of the facility. This release does not bar plaintiffs’ claim (see Rigney v Ichabod Crane Cent. School Dist., 59 AD3d at 843; Trummer v Niewisch, 17 AD3d 349, 349-350 [2005], lv denied 5 NY3d 712 [2005]; Alexander v Kendall Cent. School Dist. 221 AD2d 898, 899 [1995]).[2]
Kavanagh and Stein, JJ., concur.

. The trainer’s written instructions include the direction to “stick butt out,” but do not mention keeping the back straight.

. As the release does not exempt defendants from liability for their own negligence, General Obligations Law § 5-326 does not apply (see Rigney v Ichabod Crane Cent. School Dist., 59 AD3d at 843 n).